**Form 235**

**UNITED STATES BANKRUPTCY COURT**          34 – 30
**WESTERN DISTRICT OF PENNSYLVANIA**        dbas

|  |  |  |
|---|---|---|
| In re: | : | Bankruptcy Case No.: 16–22722–GLT |
|  | : |  |
|  | : | Chapter: 13 |
|  | : | Issued per the 2/2/2017 Proceeding |

**Mark R. Sturges**
    Debtor(s)

**ORDER OF COURT CONFIRMING PLAN
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)    PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that the Plan dated 7/22/2016 is CONFIRMED. A copy of this plan was previously mailed to you.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**    **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**    **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**    **Review of Claims Docket and Objections to Claims.** Debtor(s)'s counsel (or Debtor(s) if not represented by counsel) must review all proofs of claim within thirty (30) days after the claims bar date. All objections to pre–petition claims shall be filed within ninety (90) days after the claims bar date, thereafter allowing at least thirty (30) days for a response.

**D.**    **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)    IT IS FURTHER ORDERED THAT:*

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**      Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**      Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**      The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**      In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: February 3, 2017
cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 16-22722-GLT
Mark R. Sturges                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: dbas          Page 1 of 1          Date Rcvd: Feb 03, 2017
                             Form ID: 235         Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 05, 2017.
db              +Mark R. Sturges,    583 Valley View Road,    Eighty Four, PA 15330-2465
14318840        +Bank of America N.A.,    P O Box 982284,    El Paso, TX 79998-2284
14263394        +KML Law Group,    700 Market St.,    Philadelphia, PA 19106-2312
14263395        +Lakeview Loan Servicing, LLC,    4425 Ponce De Leon Blvd.,    Coral Gables, FL 33146-1837

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14277043         E-mail/Text: camanagement@mtb.com Feb 04 2017 02:24:07     Lakeview Loan Servicing, LLC,
                  c/o M&T Bank,    P.O. Box 840,    Buffalo, NY 14240-0840
14263396         E-mail/Text: camanagement@mtb.com Feb 04 2017 02:24:07     M&T Bank,    PO Box 900,
                  Millsboro, DE 19966
                                                                                     TOTAL: 2

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Lakeview Loan Servicing, LLC
                                                                           TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2017                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 3, 2017 at the address(es) listed below:
           Amy L. Zema    on behalf of Debtor Mark R. Sturges amy@zemalawoffice.com
           James Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
           Joshua I. Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
           Matthew John McClelland    on behalf of Creditor    Lakeview Loan Servicing, LLC
            bkgroup@kmllawgroup.com
           Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
           Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                           TOTAL: 6